```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/8/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAWN RANDALL THOMAS,

                Plaintiff,

-v-

CITY OF NEW YORK, ET AL.,

                Defendants.

**ORDER**

24-CV-2534 (VEC) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

      By letter dated December 30, 2024, Corporation Counsel of the City of New York requested that the Court *sua sponte* stay this action with respect to Defendant Officer Kevin Barcenas. ECF No. 41. To date, Plaintiff has submitted no opposition to this request.

      Corporation Counsel submits that "Officer Barcenas has been on military leave since May 23, 2023, and is anticipated to return on May 22, 2027." ECF No. 41 at 1. Service of process at the First Precinct on November 4, 2024 does not constitute proper service on Officer Barcenas because the First Precinct had not been his "actual place of business" since he went on military leave on May 22, 2023. *Id.* at 2 (citing CPLR § 308 (providing a natural person may be served in person or by mail at "their actual place of business"); *Williams v. City of New York*, 2010 N.Y. Misc. LEXIS 1214, at *5 (defining "actual place of business" as "where the employee is physically present with regularity" and "regularly transact[s] business").

1

The Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. App. § 521, provides, in pertinent part:

> In an action covered by this section in which the defendant is in military service, the court shall grant a stay of proceedings for a minimum period of 90 days under this subsection upon application of counsel, or on the court's own motion, if the court determines that -
>
> (1) there may be a defense to the action and a defense cannot be presented without the presence of the defendant; or
>
> (2) after due diligence, counsel has been unable to contact the defendant or otherwise determine if a meritorious defense exists.

50 U.S.C. App. § 521(d); *see also Conroy v. Aniskoff*, 507 U.S. 511, 516 n.9 (1993) (noting that Section 521 provides for stays of legal proceedings against persons engaged in military service).

The fact that Officer Barcenas is on active military duty "materially affects his ability to conduct a defense in this case." *Kee v. Hasty*, 2004 U.S. Dist. LEXIS 6253, at *19 (S.D.N.Y. Apr. 14, 2004). Additionally, Corporation Counsel submits that he has "attempted to contact Officer Barcenas through the NYPD's Military and Extended Leave Desk" and other means, to no avail. ECF No. 41 at 2. Further,

Plaintiff has not presented any evidence that Officer Barcenas is not on active duty, nor has he objected to the Court's granting this request for a stay.

For these reasons, this action is hereby stayed as to Defendant Officer Kevin Barcenas for six months. Corporation Counsel is directed to notify Plaintiff and the Court of any changes in Officer Barcenas' military duty status, and to continue to attempt to make contact with Officer Barcenas in the interim.

## CONCLUSION

The Clerk of Court is respectfully directed to (1) stay this action as to Defendant Officer Kevin Barcenas for six months, until July 8, 2025, and (2) mail a copy of this Order to the pro se litigant.

**SO ORDERED.**

Dated: January 8, 2025
      New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge