```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/22/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
SHAWN RANDALL THOMAS                                         :
                         Plaintiff,             :
          -against-                                        :
                                                             :
CITY OF NEW YORK; ERIC LEROY ADAMS;                          :     24-CV-2534 (VEC)
KEECHANT SEWELL; DYSHAWN M. PITT                             :
[Tax Reg # 949492]; MICHAEL J. BAROZ [Tax                    :     ORDER ADOPTING
Reg # 963393]; TENZIN RIGSANG [Tax Reg #                     :     REPORT &
971198]; KEVIN BARCENAS [Tax Reg #                           :     RECOMMENDATION
970987]; NICHOLAS V. AZZOLINO [Tax Reg #                     :
964903]; ANDY HERRERA [Tax Reg # 971997];                    :
and MICHAEL P. DUNIGAN [Tax Reg #                            :
948921];                                                     :
                                                             :
                                                             :
                         Defendants,            :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on April 2, 2024, Shawn Randall Thomas ("Plaintiff"), proceeding *pro se*, sued Defendants the City of New York (the "City"), Mayor Eric Adams, former New York City Police Department ("NYPD") Commissioner Keechant Sewell, and NYPD Officers Dyshawn Pitt, Michael Baroz, Tenzin Rigsang, Kevin Barcenas, Nicholas Azzolino, Andy Herrera, and Michael Dunigan in their personal and official capacities (collectively, "Officer Defendants," and with the City, Mayor Adams, and former Commissioner Sewell, "Defendants"), Compl., Dkt. 1;

WHEREAS Plaintiff asserts claims under 42 U.S.C. § 1983 for false arrest, malicious prosecution, intentional infliction of emotional distress, unlawful conditions of confinement while in police custody, and involuntary psychiatric evaluation, *id.* ¶¶ 66–99;

1

WHEREAS on September 10, 2024, the Court referred this case to Magistrate Judge Ricardo for general pretrial management and for the preparation of reports and recommendations ("R&Rs") on any dispositive motions, see Dkt. 7;

WHEREAS on November 19, 2024, Mayor Adams moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the complaint for failure to state a claim, see Dkts. 17–20;

WHEREAS Plaintiff did not oppose Mayor Adams's motion to dismiss, see Dkt. 52 (addressing motion for judgment on the pleadings);

WHEREAS on December 30, 2024, the City and the Officer Defendants moved pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings, which Plaintiff opposed, see Dkts. 35–38, 52, 59;

WHEREAS on April 29, 2025, Judge Ricardo entered an R&R, recommending that the Court dismiss Plaintiff's claims against Mayor Adams in his official capacity with prejudice and Plaintiff's claims against Mayor Adams in his personal capacity without prejudice, R&R, Dkt. 62 ("MTD R&R"), at 13;

WHEREAS on June 6, 2025, Judge Ricardo entered another R&R, recommending that the Court: (1) partially convert the motion for judgment on the pleadings into a motion for summary judgment and grant summary judgment in favor of the City and Officers Barcenas, Rigsang, Baroz, and Pitt as to Plaintiff's claims for false arrest and malicious prosecution; (2) dismiss with prejudice Plaintiff's claim for intentional infliction of emotional distress against the City and Officers Dunigan, Rigsang, and Pitt; (3) dismiss without prejudice Plaintiff's claim for municipal liability against the City; and (4) deny the motion for judgment on the pleadings as to Plaintiff's claims rooted in unconstitutional conditions of confinement and involuntary

2

psychiatric evaluation against Officers Dunigan, Herrera, Azzolino, and Rigsang, R&R, Dkt. 63 ("MJP R&R"), at 43–44;

WHEREAS in the R&Rs, Judge Ricardo notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&Rs' findings, MTD R&R at 13–14; MJP R&R at 44;

WHEREAS Judge Ricardo further noted that failure to object would result in both the waiver of objections and the preclusion of appellate review, MTD R&R at 14; MJP R&R at 44;

WHEREAS no objection was filed by any party;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the R&R reveals that there is no clear error;

IT IS HEREBY ORDERED that the MTD R&R is adopted in full.  Mayor Adams's motion to dismiss is GRANTED, and Plaintiff is granted leave to amend his Complaint as to any claims he asserts against Mayor Adams in his personal capacity.

IT IS FURTHER ORDERED that the MJP R&R is adopted in full. The Court converts the motion for judgment on the pleadings filed by the City and the Officer Defendants into a motion for summary judgment only as to Plaintiff's claims for false arrest, false imprisonment, and malicious prosecution against the City and Officers Barcenas, Rigsang, Baroz, and Pitt. The Court GRANTS summary judgment in favor of the City and Officers Barcenas, Rigsang, Baroz, and Pitt as to those claims. Plaintiff's claim for intentional infliction of emotional distress against the City and Officers Dunigan, Rigsang, and Pitt is DISMISSED with prejudice. Plaintiff's claim for municipal liability against the City is DISMISSED without prejudice. The motion for judgment on the pleadings as to Plaintiff's claims for unconstitutional conditions of confinement and involuntary psychiatric evaluation against Officers Dunigan, Herrera, Azzolino, and Rigsang is DENIED.

In brief, Plaintiff's Section 1983 claims premised on false arrest, false imprisonment, malicious prosecution, or intentional infliction of emotional distress cannot proceed. *See* Compl. ¶¶ 66–81. Plaintiff's Section 1983 claims premised on unconstitutional conditions of confinement and involuntary psychiatric evaluation may proceed against Officers Dunigan, Herrera, Azzolino, and Rigsang. *Id.* ¶¶ 82–90. Plaintiff may amend his Complaint only to address the deficiencies identified in the R&Rs as to his claims against Mayor Adams in his personal capacity, and for his claim for municipal liability against the City; failure to amend will result in the dismissal of those claims with prejudice.[1]

Because the R&Rs gave the parties adequate warning, *see* MTD R&R at 13–14; MJP R&R at 44, the failure to file any objections to the R&Rs precludes appellate review of this decision. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where

---

[1] Former Commissioner Sewell has never been served in this lawsuit.

parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). Because appellate review is precluded, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.

IT IS FURTHER ORDERED that Plaintiff's deadline to amend his Complaint is **Friday, September 19, 2025**. Defendants' deadline to answer the Complaint is ADJOURNED to **Friday, October 10, 2025**. At that time, Defendants shall respond to the operative Complaint.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to terminate the open motion at Dockets 17, 35, and 59. The Clerk is further directed to mail a copy of this Order to the *pro se* Plaintiff and to note the mailing on the docket.

**SO ORDERED.**

Date: **August 22, 2025**
New York, New York

VALERIE CAPRONI
United States District Judge

5